# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1751

THOMAS E. O'CONNELL, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued March 22, 2007                    Decided    May 7, 2007    )

*Landon E. Overby* (non-attorney practitioner), of Washington, D.C., for the appellant.

*Tracy K. Alsup* argued this case, and with her on the brief were *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn Washington*, Deputy Assistant General Counsel, all of Washington, D.C., for the appellee.

Before HAGEL, MOORMAN, and DAVIS, *Judges*.

HAGEL, *Judge*: Thomas E. O'Connell appeals through a non-attorney practitioner a June 15, 2004, Board of Veterans' Appeals (Board) decision in which the Board granted him an initial disability rating of 100% for his service-connected post-traumatic stress disorder from June 22, 1994, to February 22, 2000, and of 50% from that point forward. In the VA regional office decision being appealed to the Board, the regional office had assigned that condition an initial 30% disability rating from June 22, 1994. The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review that Board decision. Because, as explained in this opinion, we refuse to conflate the Board's assignment of a staged disability rating with the reduction of a disability rating by compelling the application of 38 C.F.R. § 3.105(e) (2006) in a situation where the claimant's disability rating was not reduced for any period of time to below what it was when he appealed to the Board, we will affirm the June 2004 Board decision.

# I. FACTS

 Mr. O'Connell served on active duty in the U.S. Navy from November 1965 to August 1968, including service in Vietnam.  In a December 1997 regional office decision, he was awarded disability compensation for post-traumatic stress disorder and assigned a 30% disability rating, effective June 22, 1994.  He appealed that decision to the Board, seeking a higher disability rating. The regional office continued to rate his service-connected post-traumatic stress disorder 30% disabling in a July 1999 Statement of the Case, a March 2000 Supplemental Statement of the Case, and a January 2004 Supplemental Statement of the Case.

In the June 2004 decision now on appeal, the Board noted that Mr. O'Connell's appeal was "from the initial rating[] assigned" to his service-connected post-traumatic stress disorder and that "[c]onsistent with the facts found, the rating may be higher or lower for segments of the time under review on appeal, i.e., the rating may be 'staged.'" Record (R.) at 11.  The Board went on to analyze the relevant evidence of record, concluding that "[t]he evidence shows that [Mr. O'Connell's] psychiatric disability was preventing [him] from working up to the time of the November 1999 examination." R. at 14.  The Board then observed that a February 2000 addendum to the November 1999 examination report "confirms the improvement in the veteran's disability." *Id.*  The Board also observed that Mr. O'Connell's Global Assessment of Functioning[1] scores after February 23, 2000, "were in the moderate range with most of the scores being in the lower end of that range." *Id*.  The Board ultimately concluded that Mr. O'Connell was entitled to a 100% disability rating for his service-connected post-traumatic stress disorder from June 22, 1994, to February 22, 2000, and a 50% disability rating from that point forward.

Citing 38 C.F.R. §§ 3.343(a) and 3.344 (2003), the Board then noted that "[g]enerally, specific criteria apply where a 100[%] rating, or a rating that has been in effect for 5 years or more is reduced." R. at 15.  The Board stated that "[t]he courts have never ruled on whether these provisions are applicable to staged ratings assigned for the initial evaluation." *Id.*  The Board went

---

[1] A Global Assessment of Functioning score represents "the clinician's judgment of the individual's overall level of functioning" and is "useful in planning treatment and measuring its impact[] and in predicting outcome." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 30 (4th. ed. 1994).

on to conclude that "in any event, the requirements for a reduction from 100 to 50[%] are met in this case" because there is medical evidence "showing material improvement." *Id*.

On appeal, Mr. O'Connell raises two arguments. First, he argues that the Board's rating reduction violated his right to one level of appellate review before VA.[2] *See* Appellant's Brief (Br.) at 14-18. His other argument is that the Board unlawfully reduced his disability rating without first providing him notice in accordance with 38 C.F.R. § 3.105(e). In that regard, he asserts that the fact that the caselaw allows for the assignment of staged ratings does not mean "that a rating may be lawfully reduced . . . without providing a veteran notice of the reduction under § 3.105(e)." *Id.* at 21.

In response, the Secretary asserts that (1) this is not a rating-reduction case and that (2) the Board "mistakenly discussed the criteria for a reduction" but that (3) such an error did not prejudice Mr. O'Connell because the Board properly assigned a staged rating. *See* Secretary's Br. at 9-12. At oral argument, however, the Secretary took the position that this case does involve a reduction for some purposes but not for the purpose of notice under § 3.105(e). The Secretary, in his brief, did not address Mr. O'Connell's first argument–that the Board deprived him of his right to one level of appellate review within VA.

## II. ANALYSIS

### A. Standard of Review

A Board determination of the appropriate degree of disability under the rating code is a finding of fact subject to the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *see Smallwood v. Brown*, 10 Vet.App. 93, 97 (1997). However, this case involves a pure question of law, namely whether VA must provide notice under § 3.105(e) before it assigns a staged disability rating in a situation where the claimant's disability rating and compensation are not reduced to a level below what they were when he appealed to the Board. We will review this question of law de novo. 38 U.S.C. § 7261(a)(1); *see Smith v. Gober*, 14 Vet.App. 227, 230 (2000).

---

[2] This argument closely resembles his second argument because it too is premised on the notion that the Board's assignment of a staged rating in this case amounted to a reduction by the Board in the first instance, thus depriving him of consideration by the regional office of that issue. *See* Appellant's Br. at 18. This argument is addressed in further detail later in this opinion. *See infra* at 7-8.

## B. Staged Disability Ratings

When a claimant is awarded service connection and assigned an initial disability rating, separate disability ratings may be assigned for separate periods of time in accordance with the facts found. Such separate disability ratings are known as staged ratings. *See Fenderson v. West*, 12 Vet.App. 119, 126 (1999) (noting that staged ratings are assigned at the time an initial disability rating is assigned).

## C. Reduction in Disability Rating/Compensation

Pursuant to 38 U.S.C. § 5112(b)(6), "the effective date of a reduction . . . of compensation" because of a "change in physical condition shall be the last day of the month following sixty days from the date of notice to the payee . . . of the reduction." Section 3.105(e), title 38, Code of Federal Regulations implements section 5112(b)(6). The regulation provides, in pertinent part:

> Where the reduction in evaluation of a service-connected disability or employability status is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor, and will be given 60 days for the presentation of additional evidence to show that compensation payments should be continued at their present level.

38 C.F.R. § 3.105(e).

In addition, other regulations provide for the application of specific criteria when VA is "reducing" a 100% disability rating due to individual unemployability or a disability rating that has continued in effect for five years or more. *See* 38 C.F.R. § 3.343(a) (2006) ("Total disability ratings, when warranted by the severity of the condition and not granted purely because of hospital, surgical, or home treatment, or individual unemployability will not be reduced, in the absence of clear error, without examination showing material improvement in physical or mental condition"); 38 C.F.R. § 3.344(a) (2006) (providing that, for certain disability ratings, "[e]xaminations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction"); 38 C.F.R. § 3.344(c) (providing that the provisions of § 3.344(a) apply to disability ratings that have continued for five years or more).

D. Entitlement to § 3.105(e) Notice

At oral argument, there was discussion of whether § 3.105(e) applies only when disability compensation is being reduced or whenever a veteran's disability rating is reduced.[3] As mentioned above, in a stark departure from his brief, at oral argument counsel for the Secretary conceded that §§ 3.343 and 3.344 apply whenever a rating is reduced, including in the staged-ratings context, but argued that § 3.105(e) only applies to reductions in compensation. Because Mr. O'Connell raises no argument with respect to the manner in which the Board applied §§ 3.343 and 3.344–he only argues that the Board erred in failing to apply § 3.105(e)–we need not decide that precise issue here. In this case, we need only concern ourselves with whether, in assigning the staged ratings, the Board was required to comply with the pre-reduction procedures outlined in § 3.105(e). As explained below, we conclude that the answer is no.

Mr. O'Connell would have us disregard entirely the fact that he possessed a 30% disability rating for his service-connected post-traumatic stress disorder when he appealed to the Board the December 1997 regional office decision and the fact that the 30% rating had been in effect from June 1994 until June 2004, when the Board granted him an increased initial disability rating. Instead, because the Board ultimately found that he was entitled to an initial disability rating of 100% for his service-connected post-traumatic stress disorder from June 22, 1994, to February 22, 2000, and of 50% from that point forward, Mr. O'Connell would have us act as though he actually possessed a 100% disability rating from June 22, 1994, until February 22, 2000, and that the Board then unlawfully (i.e., without proper notice under § 3.105(e)) reduced that disability rating to 50%.[4] In other words, he would have us ignore completely the fact that he left the VA appeals process with a disability rating in excess of the 30% disability rating that he possessed prior to his Board appeal. This we will not do.

---

[3] For instance, in a claim involving multiple disability ratings, the regional office or Board can lower one disability rating and simultaneously raise another. Although this would result in a reduced disability rating for one condition, the veteran may end up receiving increased compensation. In such a scenario, the VA General Counsel has determined that § 3.105(e) does not apply because compensation payments have not been reduced. *See* VA General Counsel Precedent Opinion 91-71 (Nov. 7, 1991).

[4] The way that Mr. O'Connell phrased this assertion before the Court at oral argument was that the regional office decision was subsumed by the Board decision and that we have to analyze the Board's actions as though the regional office decision never existed.

Because the claims process before the agency can be lengthy, and because the level of a veteran's disability may fluctuate over time, staged ratings are a sensible mechanism for allowing the assignment of the most precise disability rating–one that accounts for the possible dynamic nature of a disability while the claim works its way through the adjudication process. The legal interpretation advanced by Mr. O'Connell would potentially inhibit the Board (and, for that matter, the regional office) from utilizing this sensible mechanism in situations where a veteran's disability level fluctuated higher and then lower. He would have us compel VA to first assign the higher disability rating and then halt adjudication in order to issue a proposed reduction and provide the veteran with 60 days in which to submit additional evidence. Because, as explained below, such procedure would not further the underlying purpose of section 5112(b)(6) and § 3.105(e), we refuse to compel it in the situation at hand.

Section 5112, title 38, U.S. Code is entitled "Effective dates of reductions and discontinuances." In enacting what is now subsection 5112(b)(6), Congress desired to provide a veteran receiving disability compensation benefits a reasonable amount of time to adjust to a reduction or termination of those benefits and in which to submit evidence to show that such a reduction was unwarranted. *See* S.Rep. No. 2042, 87th Cong., 2d Sess., at 8, *reprinted in* 1962 U.S.C.C.A.N. 3260, 3266-67. In other words, Congress enacted section 5112(b)(6) so that veterans receiving disability compensation would be notified in advance that their benefits would be diminished, thus enabling them to (1) adjust to the diminished expectation and (2) submit evidence to contest the reduction. Section 3.105(e) furthers Congress's intent by providing that no reduction in compensation will occur unless a veteran is first (1) notified and given reasons for the reduction and (2) provided 60 days for the presentation of additional evidence to demonstrate that the current level of compensation should be maintained. *See* 38 C.F.R. § 3.105(e).

In Mr. O'Connell's case, however, the assignment of the staged disability ratings occurred simultaneously and, more importantly, Mr. O'Connell left the VA appeals process with a higher rating and, therefore, more disability compensation than when he entered it. As a consequence, there is no diminished expectation with which to be concerned and no reduction in benefits for Mr. O'Connell to contest. In this situation, we would not be furthering the purpose of subsection 5112(b)(6) and § 3.105(e) were we to compel application of the procedural protections provided by

6

that law and its corresponding regulation. To the contrary, we would be imposing unnecessary procedure in a situation where such procedure is unwarranted. As a consequence, we hold that subsection 5112(b)(6) and § 3.105(e) do not apply in the context of the assignment of a staged rating by the Board where the veteran's disability rating is not reduced, for any period of time, to a level below that which was in effect when he appealed to the Board.

Moreover, even assuming for argument's sake that the Board was required to provide § 3.105(e) notice to Mr. O'Connell, we do not see how he was prejudiced by the Board's failure to provide such notice. To begin with, he possessed the opportunity to present evidence to support a disability rating in excess of 30% at any time until the Board issued its decision.[5] *See* 38 C.F.R. § 19.37(b) (2006) (providing that "[a]dditional evidence received by the agency of original jurisdiction after the records have been transferred to the Board . . . for appellate consideration will be forwarded to the Board if it has a bearing on the appellate issue"); 38 C.F.R. § 20.1304(c) (2006) (providing that, in the absence of an appellant's waiver or a full grant of the benefit sought on appeal, "[a]ny pertinent evidence submitted by the appellant . . . which is accepted by the Board under the provisions of this section, . . . as well as any such evidence referred to the Board by the agency of original jurisdiction under § 19.37(b) of this chapter, must be referred to the agency of original jurisdiction for review").

In this case, Mr. O'Connell submitted additional evidence on numerous occasions while appealing the December 1997 regional office decision, which resulted in the issuance of one Statement of the Case and two Supplemental Statements of the Case. As a result, even though we have already concluded that the Board was not required to apply § 3.105(e) in this case, because Mr. O'Connell had every right to submit additional evidence regarding the severity of his service-connected post-traumatic stress disorder while the issue of the appropriate disability rating for that condition was on appeal to the Board, and because he did just that, we cannot see any prejudice to

---

[5] Indeed, it is questionable that the information regarding the level of his disability rating provided in a § 3.105(e) notice would have differed materially from the information contained in the Statement of the Case and two Supplemental Statements of the Case that were issued concerning the same issue.

him in the Board's failure to afford him notice under § 3.105(e). *See* 38 U.S.C. 7261(b); *Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004).[6]

Finally, we note that Mr. O'Connell, in his reply brief, argues that § 3.105(e) is invalid to the extent that the regulation requires VA to provide notice only when a reduced disability rating results in reduced compensation payments. *See* Reply Br. at 7. That issue in no way affects our decision in this case because § 3.105(e) notice is not compelled in a case like Mr. O'Connell's regardless of whether it applies when a rating is reduced without a corresponding decrease in compensation. As a consequence, we need not address the merits of Mr. O'Connell's argument regarding the validity of the regulation in this case.

### E. Mr. O'Connell's Right to One Level of Administrative Review

Mr. O'Connell's other argument on appeal–that he was denied his right to one level of administrative review–flies in the face of the facts in this case. Dissatisfied by the regional office's December 1997 refusal to assign his service-connected post-traumatic stress disorder a rating in excess of 30%, Mr. O'Connell appealed that decision to the Board. That appeal–his one level of administrative review–resulted in a favorable Board decision in which he was assigned staged disability ratings of 100% followed by 50% for his service-connected post-traumatic stress disorder.

In addition to ruling in Mr. O'Connell's favor, the Board did so on the same evidence that was before the regional office, which renders inapplicable *Disabled American Veterans v. Secretary of Veterans Affairs*, 327 F.3d 1339 (Fed. Cir. 2003), the only authority relied on by Mr. O'Connell in support of his argument that he was denied his right to one level of administrative review. There, the U.S. Court of Appeals for the Federal Circuit invalidated VA regulation 38 C.F.R. § 19.9(a)(2) (2002) because that regulation would have allowed the Board to gather and consider evidence that had not been before the regional office without having to remand the case to the regional office "for initial consideration and without having to obtain the appellant's waiver." 327 F.3d at 1347. This case does not involve–nor does Mr. O'Connell argue that it does–Board consideration of evidence not before the regional office.

---

[6] There is yet another reason why Mr. O'Connell was not prejudiced with respect to any assumed error in the Board's nonapplication of § 3.105(e)–he has never contested the propriety of the so-called "reduction" of his disability rating. In other words, as he made clear at oral argument, he is not arguing that he is entitled to a disability rating in excess of 50% for the period after February 22, 2000.

## III. CONCLUSION

In sum, we reiterate our holding that section 5112(b)(6) and § 3.105(e) do not apply in the context of the assignment of a staged rating by the Board where the veteran's disability rating is not reduced, for any period of time, to below what it was when he appealed to the Board. As a result, the June 15, 2004, Board decision is AFFIRMED.

DATED:

Copies to:

Landon E. Overby

VA General Counsel (027)