﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200127-59033
DATE: August 31, 2020

ORDER

Restoration of a 20 percent rating for a right ankle disability, effective July 12, 2018, is granted.

FINDING OF FACT

At the time of the July 2018 rating reduction, the evidence of record did not show an actual improvement in the Veteran’s ability to function under the ordinary conditions of life and work.

CONCLUSION OF LAW

The rating reduction from 20 percent to 10 percent for a right ankle disability, effective July 12, 2018, was improper. 38 U.S.C. §§ 1155, 5112; 38 C.F.R. §§ 3.105, 3.344, 4.1, 4.2, 4.10, 4.13.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1984 to April 2004. This case comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision issued by a regional office of the Department of Veterans Affairs (VA). The Veteran perfected an appeal to the Board by electing the Direct Review option under the modernized review system, also known as the Appeals Modernization Act (AMA). 

The issue on appeal is restoration of the 20 percent rating for a right ankle disability, in effect from May 1, 2004 to July 12, 2018. The agency of original jurisdiction (AOJ) reduced the rating to 10 percent in a July 2018 rating decision. In February 2019, the Veteran requested Higher-Level Review under VA’s AMA test program, the Rapid Appeals Modernization Program (RAMP). During its RAMP review, the AOJ erroneously identified the issue as entitlement to an increased rating, rather than restoration of the prior rating. See August 2019 rating decision. Nevertheless, the restoration issue is properly before the Board here. 

Restoration of a Prior Rating

The Veteran contends the AOJ did not comply with the due process requirements of 38 C.F.R. § 3.105 before reducing the rating for his right ankle disability. He also argues his disability has not actually improved. After careful review, the Board finds that the July 2018 rating reduction was improper. The prior 20 percent rating is therefore restored. 

Legal Background 

VA must observe certain procedural safeguards before reducing or discontinuing compensation payments for service-connected disabilities. In such cases, VA must prepare a proposed rating setting forth material facts and reasons for the reduction, notify the beneficiary and allow them 60 days to submit additional evidence, and inform the beneficiary of their right to request a predetermination hearing. 38 C.F.R. § 3.105(e), (i); see also O’Connell v. Nicholson, 21 Vet. App. 89, 92 n.3 (2007) (the notice provisions of § 3.105 only apply where there is an overall reduction in compensation payments currently being made).

There are also substantive requirements VA must observe in rating reduction case, whether or not the reduction results in a decrease in payments. Where a rating is continuous and stable for five years or more, VA may not reduce the rating unless the examination upon which the reduction is based is at least as full and complete as the examination used to establish the higher evaluation. 38 C.F.R. § 3.344. A rating that has been in effect for more than five years will not be reduced based on any one examination, except in those instances where all of the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated. Id. 

Regardless of how long the rating was in effect, VA must also determine: (1) whether the evidence reflects an actual change in the disability based upon review of the entire recorded history of the condition; (2) whether the examination reports reflecting such change are based upon thorough and adequate examinations; and (3) whether any improvement actually reflects an improvement in the claimant’s ability to function under the ordinary conditions of life and work. Murphy v. Shinseki, 26 Vet. App. 510, 516-17 (2014) (citing 38 C.F.R. §§ 4.1, 4.2, 4.10, and 4.13).

If VA fails to comply with any of the applicable regulatory requirements, the rating reduction will be considered “void ab initio” (void from the beginning) and set aside. Greyzck v. West, 12 Vet. App. 288, 292 (1999). 

Discussion

The record shows that the Veteran’s combined disability rating remained at 90 percent from May 21, 2018 until December 16, 2019. Because the July 2018 rating reduction did not result in a decrease in disability compensation payments, the notice requirements of 38 C.F.R. § 3.105 are not applicable in this case. O’Connell, 21 Vet. App. at 92 n.3. Thus, the AOJ did not commit a procedural error. 

Even so, the AOJ must comply with the substantive regulatory requirements before issuing any rating reduction. Here, the Board finds that it did not.

At the time of the reduction, the Veteran’s 20 percent right ankle rating had been in effect for over 14 years. The requirements of 38 C.F.R. § 3.344 therefore apply in this case. The basis for the original evaluation was a July 2004 VA examination. See September 2004 rating decision. During the 2004 exam, the Veteran reported stiffness, recurrent ankle sprains, and reduced speed; he avoided running and playing basketball due to his symptoms. His range of motion was 5 degrees on dorsiflexion and 20 degrees on planar flexion. See 38 C.F.R. § 4.71a, Plate II (normal range of motion for the ankle is 20 degrees for dorsiflexion and 45 degrees for plantar flexion). In September 2004, the AOJ assigned a 20 percent rating for marked limitation of motion under Diagnostic Code 5271. 38 C.F.R. § 4.71a. 

Noting “sustained improvement” on VA examinations in August 2016 and July 2018, the AOJ decreased the ankle rating to 10 percent, effective July 12, 2018. The Board finds that while the 2016 and 2018 examinations show improvement in the Veteran’s range of motion since 2004, they do not reflect an actual improvement in his ability to function under the ordinary conditions of life and work. Moreover, by the examiner’s own admission, the 2018 examination was not “full and complete” within the meaning of 38 C.F.R. § 3.344.

During the 2016 examination, the Veteran reported discomfort and fatigue with prolonged walking and running. His range of motion was 15 degrees on dorsiflexion and 35 degrees on plantar flexion, with pain in both directions. The 2016 examiner was unable to say, without resorting to mere speculation, whether there was any additional loss of motion during flare-ups. However, the 2016 examiner did note a reduction in muscle strength, and identified “weakened movement due to muscle or peripheral nerve injury” as an additional factor contributing to disability. Additionally, imaging studies revealed “moderate spurring of the medial malleolus, which was likely degenerative in nature.” 

The Veteran reported similar symptoms and functional impairment during the 2018 exam, as well. His range of motion was 15 degrees on dorsiflexion (a 5 degree loss since 2016) and 35 degrees on plantar flexion (unchanged since the prior exam). The 2018 examiner was unable to estimate additional loss of motion during flare-ups, but noted that such loss was “expected” when the Veteran was “suffering from pain.” The 2018 examiner further noted that pain and discomfort during flare-ups impacted the Veteran’s ability to perform certain work-related tasks. 

The Board finds no clear evidence of overall functional improvement in the 2016 and 2018 examination reports. Despite improved range of motion, the Veteran continued to experience ankle stiffness, pain and discomfort, and these symptoms impacted his ability to walk, run and work, especially during flare-ups. In general, this account of his symptoms and functional impairment is consistent with the 2004 examination and original evaluation. Some of the 2016 clinical findings—e.g. reduced muscle strength and degenerative changes—even suggest that the Veteran’s disability may have worsened in some respects since 2004. 

Furthermore, the Board finds that the 2018 examination is not based on a review of the entire record of examinations and the Veteran’s medical-industrial history, as required by 38 C.F.R. § 3.344(a). In fact, the 2018 examiner specifically noted that no medical records were available for her review. While the 2016 examination report contains at least some discussion of relevant medical history, the latter report offers very little. Thus, it does not satisfy the “full and complete examination” requirement, and it cannot support a rating reduction. 

In sum, the Board concludes that the July 2018 rating reduction was improper and it must be set aside. Murphy, 26 Vet. App. at 516-17; Greyzck, 12 Vet. App. at 292. Restoration of a 20 percent rating, effective July 12, 2018, is granted. 

 

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D.Z. Wall, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.