Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200506-82072
DATE: July 14, 2021

ORDER

The appeal as to the claim of proprietary of the reduction in disability rating from 100 percent to 70 percent for posttraumatic stress disorder (PTSD), effective June 1, 2020, was proper.

FINDINGS OF FACT

1. The Veteran was granted service connection for PTSD at 100 percent disabling effective November 10, 2010, in a rating decision issued May 2013.

2. In a December 2019 rating decision, the regional office (RO) proposed a reduction of the Veteran's 100 percent disability rating to a 70 percent disability rating for PTSD, based on a December 2019 VA examination.

3. In a March 2020 rating decision, the RO discontinued the 100 percent evaluation for the Veteran's PTSD and assigned a 70 percent rating effective June 1, 2020. The reduction affected the Veteran's overall combined rating, reducing the amount from 100 percent to 80 percent.

4. The 100 percent rating was in effect for more than 10 years (from November 10, 2010).

5. The Veteran filed a Supplemental Claim in May 2020 and a rating decision was issued September 2020 that continued the reduction of the Veteran's PTSD disability rating.

CONCLUSION OF LAW

The rating reduction from 100 percent disabling to 70 percent disabling for the Veteran's service-connected PTSD, effective June 1, 2020, was proper. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.105, 3.343, 3.344, 4.1, 4.2, 4.130, Diagnostic Code (DC) 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had honorable active duty service with the United States Army from January 2008 to November 2010.

This matter is before the Board of Veteran's Appeals (Board) from a March 2020 rating decision of the Department of Veterans Affairs (VA) RO that reduced the Veteran's PTSD rating from 100 percent disabling to 70 percent disabling.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review.

As indicated above, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). On the Decision Review Request Board Appeal Notice of Disagreement (NOD), VA Form 10182, VA received in May 2020, the Veteran requested the direct review docket, allowing the Board to decide the claim based on the record as of the date of the agency of original jurisdiction (AOJ) decision on appeal

In May 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of a March 2020 rating decision based on new and relevant evidence. In September 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. Therefore, the Board may only consider the evidence of record at the time of the decision on appeal. 38 C.F.R. § 20.301. This decision has been written consistent with the new AMA framework.

The Veteran was also scheduled to have another predetermination hearing in September 2020, however, in a Report of General Information it was noted that the Veteran cancelled his predetermination via telephone on September 1, 2020. As the record does not contain any additional requests for an appeals hearing, the Board deems the Veteran's request for a hearing to be withdrawn. See 38 C.F.R. § 20.702.

Additionally, the Board notes the Veteran was granted a total disability rating for individual unemployability (TDIU) effective June 1, 2020, in the rating decision issued September 2020.

Propriety of the rating reduction from 100 percent to 70 percent disabling for PTSD, effective June 1, 2020

The Veteran contends that the rating reduction from 100 percent disabling to 70 percent disabling for his service-connected PTSD was not proper. He asserts that his PTSD has not improved and he continues to meet the 100 percent disability rating requirements.

Rating Reductions Generally

Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Governing law provides that a Veteran's disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. See 38 U.S.C. § 1155.

A disability rating may be reduced. However, the circumstances under which rating reductions can occur are specifically limited and carefully circumscribed by regulations promulgated by the Secretary of VA. Dofflemyer v. Derwinski, 2 Vet. App. 277, 280 (1992). The procedural framework set forth in 38 C.F.R. § 3.105(e) governing rating reductions is required to be followed by VA before it issues any final rating reduction. See Brown v. Brown, 5 Vet. App. 413, 418 (1993). When a RO reduces a rating without following the applicable regulations, the reduction is void ab initio. Greyzck v. West, 12 Vet. App. 288, 292 (1999).

VA regulations provide that where a reduction in evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance is to be prepared setting forth all material facts and reasons. 38 C.F.R. § 3.105(e). The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefore and will be given 60 days for the presentation of additional evidence to show that compensation should be continued at the present level. Unless otherwise provided in paragraph (i) of this section, if VA does not receive additional evidence within that period, it will take final rating action and reduce the award effective the last day of the month following 60 days from the date of notice to the beneficiary of the proposed reduction. Id. The beneficiary will also be informed that he or she will have an opportunity for a predetermination hearing. 38 C.F.R. § 3.105(i).

In the present case the revisions to the rating percentage effectuated by the March 2020 rating decision did result in a reduction or discontinuance of compensation payment being made. After June 1, 2020, the Veteran's combined rating was reduced from 100 percent to 80 percent and his compensation benefits were reduced. The RO submitted a proposed rating reduction in a rating decision issued December 19, 2019, and provided notice to the Veteran of the proposed reduction in correspondence dated December 31, 2019. The notice provided to the Veteran indicated the 60 days for the presentation of additional evidence and the opportunity for a predetermination hearing pursuant to 38 C.F.R. § 3.105(i).

Moreover, the reduction was made effective no sooner than permitted by current law and regulations ("the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final action expires"). 38 C.F.R. § 3.105(e). The Veteran has not asserted that these procedural provisions were not followed. Thus, the Board finds that the RO appropriately followed the procedural actions to accomplish the reduction of the Veteran's benefits. Having found that there was no procedural error in the reductions of the disability ratings for PTSD, the Board must now consider whether the reduction was factually appropriate.

In cases where a rating has been in effect for five years or more, the rating agency must make reasonably certain that the improvement will be maintained under the conditions of ordinary life even if material improvement in the physical or mental condition is clearly reflected. Kitchens v. Brown, 7 Vet. App. 320 (1995). A rating that has been in effect for five years or more may not be reduced on the basis of only one examination in cases where the disability is the result of a disease subject to periodic or episodic improvement, except where all the evidence clearly warrants a conclusion that sustained improvement has been demonstrated. 38 C.F.R. § 3.344(a). The five-year period is calculated from the effective date of the rating to the effective date of the reduction. Brown v. Brown, 5 Vet. App. 413 (1993). If doubt remains, after according due consideration to all the evidence, the rating agency will continue the rating in effect. 38 C.F.R. § 3.344(b).

The above requirements do not apply to ratings that have been in effect for periods of five years or less at the same level or to disabilities which have not become stabilized and are likely to improve. Rather, in such cases, reexaminations of such disabilities disclosing improvement, physical or mental, will warrant a rating reduction. 38 C.F.R. § 3.344(c).

A total disability rating, when warranted by the severity of the condition and not granted purely because of hospital, surgical, or home treatment, or a TDIU, will not be reduced, in the absence of clear error, without examination showing material improvement in physical or mental condition. See 38 C.F.R. § 3.343(a). Examination reports showing material improvement must be considered with all the facts of record, and consideration must be given particularly to whether the veteran attained improvement under the ordinary conditions of life, i.e., while working or actively seeking work or whether the symptoms have been brought under control by prolonged rest, or generally, by following a regimen which precludes work, and, if the latter, reduction from total disability ratings will not be considered pending reexamination after a period of employment. Id.

The Board acknowledges well-established case law indicating that VA cannot reduce a veteran's disability evaluation without first finding, inter alia, that an improvement has actually occurred in the Veteran's service-connected disability and it has improved to the point that he or she is now better able to function under the ordinary conditions of life and work. See Murphy v. Shinseki, 26 Vet. App. 510, 517 (2014); Brown, 5 Vet. App. at 421. Care must be taken to ensure that a change in an examiner's evaluation reflects an actual change in the Veteran's condition, and not merely a difference in the thoroughness of the examination or in descriptive terms, when viewed in relation to the prior disability history. See 38 C.F.R. §§ 4.1, 4.2, 4.13; see also Brown, 5 Vet. App. at 420-22.

Significantly, in a rating reduction case, VA has the burden of establishing that the disability has improved. A rating reduction case focuses on the propriety of the reduction and is not the same as an increased rating issue. See Peyton v. Derwinski, 1 Vet. App. 282, 286 (1991).

Instant Case

In a rating decision from May 2013 the Veteran had been awarded service connection for his PTSD with a total disability rating effective November 10, 2010, evaluated under 38 C.F.R. § 4.130 DC 9411. The reduction for the Veteran's PTSD reduced the disability rating from a 100 percent rating to a 70 percent rating and reduce the Veteran's combined rating from 100 percent to 80 percent.

Under 38 C.F.R. § 4.130 DC 9411, a 70 percent rating is assigned for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. A 100 percent disability rating requires total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

In December 2019, the Veteran underwent a VA examination due to his claim for an increased rating for his PTSD submitted in November 2019. The examiner noted the Veteran's diagnoses of PTSD and major depressive disorder (MDD). The examiner indicated the ability to differentiate the symptoms of the Veteran's diagnoses with his PTSD indicating flashbacks, sleep impairment, concentration issues, social withdrawal, hypervigilance, and hyperarousal. The Veteran's MDD was characterized by depressed and irritable mood, lack of empathy, sleep impairment, decreased self-esteem, and increased isolation behaviors. The examiner found the Veteran's social and occupational impairment to be with deficiencies in most areas. The examiner noted the Veteran lived with his wife and four children and had issues with frustration tolerance, and the Veteran reported having the local authorities report to his home. The Veteran also indicated that he had not been employed since 2011, had symptoms such as anxious mood, recurrent panic attacks and heightened hostile mood made it difficult to be around others. The Veteran's symptoms for VA rating purposes were noted as depressed mood, anxiety, suspiciousness, panic attacks more than once a week, sleep impairment, mild memory loss, disturbances of mood and motivation, difficulty in establishing and maintaining effective relationships, difficulty in adapting to stressful circumstances, suicidal ideations, impaired impulse control, and intermittent inability to perform activities of daily living. The examiner noted behavioral observations of being intermittently loud with increased psychomotor agitation, pressured speech, no suicidal or homicidal behaviors noted at the assessment, labile mood with congruent affect, and no psychosis was noted.

The Board finds the VA examination to be competent, credible, with significant probative weight.

The Veteran received another VA examination for PTSD in June 2020 that indicated the Veteran's diagnosis of PTSD. The Veteran's occupational and social impairment was noted as having deficiencies in most areas. The Veteran reported he had been married for 10 years and that he had very minimal social integration with limited interpersonal interactions or leisure activities. The Veteran's symptoms were noted as depressed mood, anxiety, suspiciousness, near continuous panic, sleep impairment, mild memory loss, disturbances of mood and motivation, difficulty in establishing and maintaining effective relationships, difficulty in adapting to stressful circumstances. The Veteran's behavioral observations were noted as alert, oriented, with normal speech, no thought disorders, an intact memory, no concentration and behavior disturbances, constricted affect, with fair judgment and insight. The examiner noted the Veteran did not appear to pose a danger to himself or to others.

The Board finds the VA examination to be competent, credible, and with significant probative weight.

The Veteran's VA treatment records indicated continuous mental health treatment with regular mental status examinations (MSEs). Throughout 2019 the Veteran was noted as groomed, with normal speech, no hallucinations, no delusions, no evidence of thought disorder, and denied suicidal ideations and homicidal ideations. In October 2019 the Veteran was noted with his speech pattern, affect, and interaction style reflected cognitive impairment, with his insight and judgment compromised. In December 2019 the Veteran was noted as having an adequate appearance, normal speech, anxious mood, with no hallucinations, appropriate thought, limited insight, intact memory, moderate concentration issues, impulse control issues, and limited judgment.

In February 2020 the Veteran was noted as mentioning the reduction in his doctor's note, indicated he had frequent hallucinations and needed support. The doctor provided a MSE that same day and indicated he was groomed, well dressed, had some psychomotor agitation, frustrated mood, euthymic affect, normal speech, linear thought processes with no delusions, no hallucinatory activity, was alert and oriented, with adequate insight and judgment. In July and August 2020, the Veteran also received MSEs that noted normal speech, oriented, euthymic mood, linear thoughts, denied hallucinations, with good insight and judgment.

The Board finds that the Veteran's VA treatment records are competent, credible, and with significant probative weight.

In consideration of the Veteran's VA examinations of December 2019 and June 2020 and the VA treatment records noting his mental health symptoms and behaviors the Board finds that the Veteran's disability picture for his PTSD more closely resembles a 70 percent disability rating. The Veteran did not exhibit gross impairment in his thought processes or communication capabilities, he did not endorse persistent delusions or hallucinations, he was found not to be a persistent danger of hurting himself or others, he was oriented, and exhibited no grossly inappropriate behaviors. The Board does note that the Veteran exhibited some intermittent inability to perform activities of daily living and relied on his wife to help him. However, this alone does not meet the 100 percent disability rating when considering the totality of the Veteran's record. Additionally, the Veteran did not exhibit such memory issues such as losing the names of close relatives, his former occupation when he worked in 2011, nor his own name. Therefore, the Veteran's PTSD improved to a 70 percent disability rating under DC 9411.

The Board finds that the current examinations the RO based the reduction on were full and complete, and considered the entire record of the Veteran. The RO in the September 2020 rating decision based the reduction on more than one examination of the Veteran's PTSD, as the Veteran's PTSD could be subject to temporary or episodic improvement, and the evidence clearly warranted the conclusion that there was sustained improvement in the condition from 100 disabling to a 70 percent disability rating. Additionally, the Board finds that the Veteran's PTSD improved, and such improvement could be maintained under the ordinary conditions of life, The Board finds that no doubt remained as to whether the provisions of 38 C.F.R. § 3.344(a), (b) have been met. See 38 C.F.R. § 3.344(a), (b).

The Board finds that an actual change has been reflected in the Veteran's condition and not merely a difference in the thoroughness of an examination or in the descriptive terms of the Veteran's disability. See 38 C.F.R. §§ 4.1, 4.2, 4.13; see also Brown, 5 Vet. App. at 420-22; Murphy v. Shinseki, 26 Vet. App. 510, 517 (2014)

Significantly, in a rating reduction case, VA has the burden of establishing that the disability has improved. A rating reduction case focuses on the propriety of the reduction and is not the same as an increased rating issue. See Peyton v. Derwinski, 1 Vet. App. 282, 286 (1991). As the Veteran's records, indicated above, noted the Veteran's PTSD symptoms as having changed and no longer continuing to meet a total disability rating under the requirements of DC 9411.

Accordingly, the Board finds that the evidence supports the RO's reduction of the Veteran's disability rating for PTSD from 100 percent disabling to 70 percent disabling effective June 1, 2020. Consequently, the September 2020 rating decision, which continued the reduction of the Veteran's rating for PTSD was made with adequate consideration of pertinent laws and regulations and was supported by the evidence contained in the record at the time of the reduction, which showed that the Veteran's PTSD had improved to a 70 percent disability rating showing occupational and social impairment in most areas.

Therefore, the reduction was proper. Moreover, based on the findings discussed above, it is further noted that a higher evaluation is not warranted. Indeed, only a 70 percent disability rating is supported. Accordingly, the claim must be denied.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C.A. Teich, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.