# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-3181

STEVEN W. HAMER, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  July 27, 2010)

*Kenneth M. Carpenter, Esq.*, of Topeka, Kansas, for the appellant.

*Richard A Daley, Esq.*, with whom *R. Randall Campbell*, *Esq.*, Assistant General Counsel; and *David L. Quinn, Esq.*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN, and LANCE, *Judges*.

HAGEL, *Judge*: Steven W. Hamer appeals through counsel a July 9, 2007, Board of Veterans' Appeals (Board) decision that denied entitlement to VA benefits for total disability based on individual unemployability (TDIU) for the period of December 1, 1990, through April 7, 2000. The only disability rating at issue in Mr. Hamer's appeal is for total disability based on individual unemployability. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). Because Mr. Hamer filed a brief through counsel, the arguments from his pro se informal brief are deemed abandoned. *Ford v. Gober*, 10 Vet.App. 531, 535 (1997) (holding that if an appellant files an informal brief but subsequently obtains counsel, any newly filed formal brief supersedes the previously filed informal brief); *see Grivois v. Brown*, 6 Vet.App. 136, 138 (1994) (holding that issues or claims not argued on appeal are considered abandoned). Because the Court finds that an award of staged disability ratings based upon a finding

of clear and unmistakable error (CUE) is valid, the Court will affirm the July 9, 2007, Board Decision.

## I. FACTS

Mr. Hamer served in the U.S. Air Force from November 1970 to November 1974. In November 1978, a VA regional office awarded Mr. Hamer a total disability rating based on individual unemployability, effective May 1978. In May 1985, the regional office issued another rating decision terminating Mr. Hamer's benefits for total disability based on individual unemployability. The regional office based its decision on Mr. Hamer's employment between May and November 1985. Mr. Hamer did not appeal this decision.

In February 2000, Mr. Hamer filed a motion for revision or amendment of the May 1985 decision terminating his total rating, claiming clear and unmistakable error. Mr. Hamer asserted there was clear and unmistakable error because; (1) "[his] individual unemployability was terminated without a neurological work-up," (2) "once a condition has been rated at a level for more than five years, it cannot be reduced without evidence of sustained improvement," (3) "there is nothing in the [claims] folder to indicate clear and/or convincing evidence [he] regained employability," and (4) VA incorrectly interpreted the VA medical examinations. Record (R.) at 173-74.

In April 2000, he filed a claim for an increased rating for total disability based on individual unemployability. In August 2000, the regional office issued a rating decision granting entitlement to a total disability rating based on individual unemployability, effective April 2000. However, the regional office found no clear and unmistakable error in the May 1985 decision.

In March 2004, after further development, the regional office issued a Supplemental Statement of the Case, granting Mr. Hamer VA benefits for total disability based on individual unemployability through staged disability ratings. The regional office awarded a 100% disability rating for the period of January 1, 1990, through November 20, 1990, but denied entitlement to the same from December 1, 1990, through April 7, 2000. Mr. Hamer appealed and, in February 2005, the Board sought an opinion from the VA Office of the General Counsel regarding Mr. Hamer's case. Specifically, the Board sought a response to the following question: "When a TDIU rating is reinstated by a finding of CUE in the rating decision that reduced the total rating, is it permissible

2

when effectuating the CUE determination to discontinue the TDIU rating during a portion of the retroactive award period based on a finding of actual employment, or may action only be taken to reduce the TDIU rating prospectively following the issuance of a proposed rating reduction action?"

On July 9, 2007, the Board issued the decision on appeal, denying entitlement to VA benefits for total disability based on individual unemployability for the period of December 1, 1990, through April 7, 2000. The Board based its determination on the VA General Counsel opinion, explaining that the opinion is "binding upon the Board." R. at 11.

On appeal, Mr. Hamer argues that VA was required to fully restore his total disability rating from 1982, including the time period of December 1990 through April 2000. Mr. Hamer asserts that the Board erred in its presumption "that a partial reinstatement of a stabilized rating can be discontinued 'during a portion of the retroactive award period.'" Appellant's Brief (Br.) at 9. Mr. Hamer asserts that the VA General Counsel opinion and the Board's determinations conflict with the plain language and clear intent of 38 U.S.C. § 5109A. Further, Mr. Hamer argues that VA cannot reduce a disability rating because stabilized ratings are afforded "special protections" under 38 C.F.R. § 3.344. Appellant's Br. at 8-10.

In response, the Secretary argues that the Court should affirm the Board decision. The Secretary asserts that Mr. Hamer has failed to demonstrate that VA's interpretation of its regulations is inconsistent or unreasonable. The Secretary contends that the interpretation that the procedural safeguards embodied in 38 C.F.R. § 3.105(e) do not apply to a retroactive corrective action is appropriate.

## II. ANALYSIS

### A. Staged Ratings

For the reasons outlined below, the Court finds no reason to differentiate the use of staged disability ratings based upon a finding of clear and unmistakable error from the assignment of an initial disability rating, as in *O'Connell*, or under 38 C.F.R. § 3.343, as in *Reizenstein*. *O'Connell v. Nicholson*, 21 Vet.App. 89 (2007); *Reizenstein v. Peake*, 22 Vet.App. 202 (2008) *aff'd* 583 F.3d 1331 (Fed. Cir. 2009).

Here, the Board found clear and unmistakable error in the May 1985 decision. The Board granted a total disability rating based on individual unemployability for the period of May 7, 1985, through November 20, 1990. The Board denied entitlement of a total rating from December 1, 1990, through April 7, 2000. When there is a finding of clear and unmistakable error and reversal or revision of a previous final Board decision is warranted, then the Board decision finding clear and unmistakable error "has the same effect as if the decision had been made on the date of the prior decision." 38 U.S.C. §§ 5109A(b), 7111(b); *see* 38 U.S.C. § 7111(a); *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc); *Damrel v. Brown*, 6 Vet.App. 242, 245 (1994). Thus, the July 9, 2007, Board decision has the "same effect" as if it had been made on May 7, 1985.

The effect, described above, that sections 5109A(b) and 7111(b) dictate is that the July 9, 2007, Board decision carries with it the same rights, privileges, and constraints that the initial disability rating assigned in May 1985 would have. By awarding Mr. Hamer a total disability rating based on individual unemployability for separate, distinct periods of time, May 1985 to November 1990 and April 2000 to the present, VA awarded Mr. Hamer disability benefits through staged disability ratings.

This Court has determined that when a claimant is assigned an initial disability rating or when a higher disability rating is granted during the direct appeal of the decision below, separate disability ratings may be assigned for separate periods of time in accordance with the facts found. Such separate disability ratings are known as staged ratings. *Fenderson v. West*, 12 Vet.App. 119, 126 (1999) (noting that staged ratings are assigned at the time an initial disability rating is assigned); *see Hart v. Mansfield*, 21 Vet.App. at 511 (extending entitlement to staged ratings to claims for increased disability ratings). "Because the claims process before the agency can be lengthy, and because the level of a veteran's disability may fluctuate over time, staged ratings are a sensible mechanism for allowing the assignment of the most precise disability rating." *O'Connell*, 21 Vet.App. at 93.

The July 9, 2007, Board decision awarding staged ratings to Mr. Hamer is essentially an initial disability rating because of the guidelines specified in sections 5109A(b) and 7111(b). As highlighted above, this Court has ruled that staged ratings are appropriate for initial disability ratings.

4

Consequently, because the July 9, 2007, Board decision has the same effect as an initial disability rating, staged ratings were appropriate.

## B. Protective Rights for Total Disability

Pursuant to 38 U.S.C. § 5112(b)(6), "the effective date of a reduction . . . of compensation" due to a "change in physical condition shall be the last day of the month following sixty days from the date of notice to the payee . . . of the reduction." However, 38 U.S.C. § 5112(a) further explains that "the effective date of reduction or discontinuance of compensation . . . shall be fixed in accordance with the facts found."

A claimant has the right to a hearing prior to severance of service connection, reduction in compensation or pension, and other reductions and discontinuances. 38 C.F.R. § 3.105(i) (2010). Specifically, that section provides for "advance written notice" that the claimant "will have an opportunity for a predetermination hearing, provided that a request for such a hearing is received by VA within 30 days from the date of the notice." *Id.* That section further provides that "[i]f a predetermination hearing is timely requested, benefit payments shall be continued at the previously established level pending a final determination concerning the proposed action." *Id.*

However, delving further, this Court has determined that the purpose behind section 3.105(e) is to enable veterans to "(1) adjust to the diminished expectation and (2) submit evidence to contest the reduction." *O'Connell*, 21 Vet.App. at 93. This Court explained further that when "the staged disability ratings occurred simultaneously and . . . [the veteran] left the VA appeals process with a higher rating and, therefore, more disability compensation than when he entered it . . . [then] there is no diminished expectation with which to be concerned and no reduction in benefits for [the veteran] to contest." *Id.*; *see Reizenstein*, *supra*.

Mr. Hamer entered this appeal without an award of total disability based on individual unemployability. He was assigned staged disability ratings simultaneously and will leave the appeals process with more disability compensation than when he entered. In other words, at the time his benefits were restored in 2007, he had been living without VA benefits for over 15 years, and thus he did not need to "adjust to the diminished expectation," i.e., prior to 2007, he was not reliant upon benefits to which he was not in receipt of. Accordingly, the protective rights that prohibit VA from reducing a total disability are not applicable here. *See* 38 U.S.C. § 5112; *O'Connell*, 21 Vet.App.

5

at 89; 38 C.F.R. § 3.105. The only difference between Mr. Hamer's situation and that which arose in *O'Connell* or *Reizenstein* is that he was awarded staged disability ratings under a finding of clear and unmistakable error. The Court holds that an award of staged disability ratings based upon a finding of clear and unmistakable error is valid under the statutes, cases, and regulations outlined above. *See* 38 U.S.C. §§ 5109A(b), 7111(b); *Reizenstein*, 22 Vet.App. at 202; *O'Connell*, 21 Vet.App. at 89; *Fenderson*, 12 Vet.App. at 119; 38 C.F.R. §§ 3.343, 3.344.

## C. Stabilization of Disability Evaluations

Mr. Hamer also argues that VA cannot reduce a disability rating because of the provisions of 38 C.F.R. § 3.344. Pursuant to 38 C.F.R. § 3.344, VA "will handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability evaluations . . .[and i]t is essential that the entire record of examinations and the medical-industry history be reviewed" for "ratings which have continued for long periods at the same level (5 years or more)."[1] Mr. Hamer argues that he was awarded benefits at the 100% rate from May 1985 to November 1990, and thus fulfills the 5-year time-period "stabilization" requirement of § 3.344, and that the reduction in benefits after November 1990 violates § 3.344.

This Court has determined that, under 38 C.F.R. § 3.344, "a total disability rating cannot be reduced on the basis of a single examination unless *all* the evidence of record establishes that a claimant's condition has undergone sustained material improvement." *Dofflemyer v. Derwinski*, 2 Vet.App. 277, 281 (1992). The Court explained that improvement may be material if the veteran has attained a marked difference in employment. *Dofflemyer*, 2 Vet.App. at 281; *see Collier v. Derwinski*, 2 Vet.App. 247, 250 (1992) ("'[s]pecific consideration of a veteran's employment status is also required'" (quoting *Tucker v. Derwinski*, 2 Vet.App. 201, 204 (1992) (Steinberg, J., concurring))). As the Board explains, and the record confirms, Mr. Hamer "had been employed from August 1989 to April 2000 as a National Service Officer for a veteran's service organization. This employment involved working 40 hours a week and earning as much as $51,000 per year, as reported by [Mr. Hamer] in April 2000." R. at 8; *see* R. at 179-80. It is clear that Mr. Hamer's employment constituted a material improvement in his condition of individual unemployability.

---

[1] The relevant language of 38 C.F.R. § 3.344 has not been altered since it was promulgated in 1961. Thus the Court need not address whether the procedural regulations would apply retroactively or when a decision that predates the regulation is revised on the basis of clear and unmistakable error. *See* 26 FR 1586, Feb 24, 1961.

Pursuant to 38 C.F.R. § 3.343(c)(2):

> If a veteran with a total disability rating for compensation purposes based on individual unemployability begins to engage in a substantially gainful occupation during the period beginning after January 1, 1985, the veteran's rating may not be reduced solely on the basis of having secured and followed such substantially gainful occupation unless the veteran maintains the occupation for a period of 12 consecutive months.

Mr. Hamer's employment lasted nearly 10 years, well over the 12-month requirement outlined above. *See* 38 U.S.C. § 5112(a) ("the effective date of reduction or discontinuance of compensation . . . shall be fixed in accordance with the facts found").

Nonetheless, this Court has also held that "the procedural protections of [38 C.F.R. § 3.344] are inapplicable to retroactively assigned staged disability ratings." *Singleton v. Shinseki*, 23 Vet.App. 376, 380 (2010). As discussed above, this is the very situation applicable to Mr. Hamer's case, i.e., he was retroactively assigned staged ratings based on the determination that there was clear and unmistakable error in the 1985 decision. Accordingly, 38 C.F.R. § 3.344 is not applicable in Mr. Hamer's case. Even if the Court were to find that 38 C.F.R. § 3.344 were applicable to retroactively applied staged ratings, Mr. Hamer's employment constituted a material improvement in his condition and therefore the regulation would not apply. *See* 38 U.S.C. § 5112; *Singleton v. Shinseki*, 23 Vet.App. 376, 380 (2010); *Dofflemyer*, 2 Vet.App. at 281; *Collier*, 2 Vet.App. at 250; 38 C.F.R. §§ 3.343, 3.344.

## III. CONCLUSION

On consideration of the foregoing, the July 9, 2007, Board decision is AFFIRMED.