﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 191226-58548
DATE: September 29, 2020

ORDER

Entitlement to restoration of a 20 percent rating for lumbar spine disability is granted.

Entitlement to a rating in excess of 20 percent for lumbar spine disability is denied.

Entitlement to a rating in excess of 10 percent for right lower extremity radiculopathy of the sciatic nerve is denied.

FINDINGS OF FACT

1. At the time of the reduction, the record did not establish that a material improvement in the Veteran's lumbar spine disability actually occurred which resulted in an improvement in his ability to function under the ordinary conditions of life and work.

2. The probative evidence of record does not show that the Veteran’s lumbar spine disability has manifested to forward flexion to 30 degrees or less; or presented favorable or unfavorable ankylosis of the entire thoracolumbar spine or incapacitating episodes of intervertebral disc syndrome (IVDS).

3. The probative evidence of record does not show that the Veteran’s radiculopathy of the right lower extremity has manifested to moderate or severe incomplete paralysis or complete paralysis.

CONCLUSIONS OF LAW

1. The criteria for entitlement to restoration of a 20 percent rating for a lumbar spine disability have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.105(e), 3.344, 4.3, 4.7, 4.71(a), Diagnostic Code (DC) 5242.

2. The criteria for entitlement to a disability rating in excess of 20 percent for a lumbar spine disability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71, 4.71a, DC 5242, DC 5243.

3. The criteria for entitlement to a disability rating in excess of 10 percent for right lower extremity radiculopathy of the sciatic nerve have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71, 4.124a, DC 8520.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from November 1979 through October 1983 with additional service that included periods of active duty for training and inactive duty for training.

The issue comes before the Board of Veterans’ Appeals (Board) on appeal from an October 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In December 2019, the Veteran submitted VA Form 10182 (NOD), selecting a hearing with a Veterans Law Judge. A February 2020 Board letter notified the Veteran that his appeal had been placed on the Hearing docket. The Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on the issue on appeal; evidence submitted by the appellant or his representative at the hearing, to include testimony provided at the hearing; and evidence submitted by the appellant or his or her representative within 90 days following the hearing. 38 C.F.R. § 20.302(a). In the event that the hearing request is withdrawn, the Board’s decision will be based on a review of evidence of record at the time of the AOJ’s decision on the issue or issues on appeal and evidence submitted by the appellant or his or her representative within 90 days following receipt of the withdrawal. 38 C.F.R. § 20.302(b).

In a February 2020 letter from the Veteran’s representative, the Veteran waived his request for a hearing before the Board.

Entitlement to restoration of a 20 percent rating for a lumbar spine disability

The Veteran contends that the RO improperly reduced his rating for his service-connected lumbar spine.

The Veteran sought an increased disability rating for his service-connected lumbar spine disability, then rated as 20 percent disabling under DC 5242, in September 2019. In an October 2019 rating decision, the regional office reduced the Veteran’s disability rating from 20 percent to 10 percent, effective September 12, 2019.

Rating Reductions

Where a reduction in an evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance must be prepared setting forth all material facts and reasons. In addition, the RO must notify the Veteran at the Veteran’s latest address that he or she has 60 days to present additional evidence showing that compensation should be continued at the present level. 38 C.F.R. § 3.105(e). The procedural framework and safeguards set forth in 38 C.F.R. § 3.105 governing rating reductions are required to be followed by VA before it issues any final rating reduction. See Brown v. Brown, 5 Vet. App. 413, 418 (1993).

A disability rating may not be reduced unless the evidence demonstrates that an improvement in the disability has occurred. 38 U.S.C. § 1155. In cases where ratings have not continued for long periods at the same level (five years or more) or to disabilities which have not become stabilized and are likely to improve, reexaminations disclosing improvement in these disabilities will warrant a rating reduction. 38 C.F.R. § 3.344(c). Without regard to whether a rating has been in effect for five years or more, a rating reduction is warranted only where the evidence contains thorough medical examinations demonstrating an actual improvement in disability. See 38 C.F.R. § 4.13. With any rating-reduction case not only must it be determined that an improvement in a disability has actually occurred but also that the improvement actually reflects an improvement in the veteran’s ability to function under the ordinary conditions of life and work. Brown v. Brown, 5 Vet. App. 413, 421 (1993). Specifically, it is necessary to ascertain, based upon a review of the entire recorded history of the condition, whether the evidence accurately reflects the elements of disability present. 38 C.F.R. § 4.2. Likewise, in such cases, the Board must establish, by a preponderance of the evidence and in compliance that a rating reduction is warranted. 38 C.F.R. § 3.344; Green v. Nicholson, 21 Vet. App. 512 (2006).

Here, as the rating reduction does not reduce the overall total compensation payable to the Veteran, the due process protections of 38 C.F.R. § 3.105(e) do not apply. O’Connell v. Nicholson, 21 Vet. App. 89, 92 n.3 (2007); See VAOPGCPREC 71-91. Regardless, the Board finds that a reduction is improper based on the evidence of record.

The Veteran’s 20 percent disability rating was in effect for less than five years, since October 2017. His reduction was based upon findings in a September 2019 VA examination. The examiner conducted an in-person examination and reviewed the Veteran’s e-folder and VA records the Veteran provided. In the clinical interview, the Veteran reported that his lumbar spine disability had progressively worsened since service, resulting in the need for epidural steroid injections, acupuncture, and chiropractic treatment. The Veteran indicated that the disability was extremely painful. The Veteran reported managing his lower back pain with a combination of pain medications. The examination also noted that the Veteran suffered from daily flare-ups, lasting hours, which limited the Veteran’s bending and lifting, and caused him to miss periods of work. The Veteran complained of pain that radiates down his right leg to the knee. He described the leg pain as pinching with numbness, and at times throbbing.

The Veteran’s initial range of motion (ROM) testing was normal. Pain was noted on forward flexion, extension, and left and right lateral rotation, but the examiner noted that the pain did not result in or cause functional loss. The examiner noted there was no pain on weightbearing. There was also objective evidence of localized moderate tenderness or pain, associated with lumbar strain, upon palpation of the lumbar area. The Veteran was able to perform repetitive use testing with at least three repetitions without any additional functional loss. While he was not examined immediately following repeated use over time or during a flare-up, the examiner still determined that the examination overall was neither medically consistent or inconsistent with the Veteran’s statements describing functional loss with repetitive use over time or during a flare-up. The examiner stated, given the examiner’s clinical knowledge and medical expertise, following a review of the Veteran’s records and having given consideration to the Veteran’s complaints and objective examination findings, there was no rational basis to make a notation regarding any additional losses of function or motion when it comes to repeated use over time or during flare-ups. 

No guarding was observed, and muscle spasm was noted as not resulting in abnormal gait or spinal contour. The examiner noted no additional factors contributing to the Veteran’s disability. Muscle strength testing was normal, as was the sensory examination on the left side. There was decreased sensation to light touch on the right thigh/knee. Straight leg raising test was negative in the right and left leg. The examiner observed mild intermittent pain, paresthesias and/or dysesthesias, and numbness in the Veteran’s right leg. There were no other signs or symptoms of radiculopathy or ankylosis, nor were there any other neurologic abnormalities. The examiner identified the involvement of the sciatic nerve roots in the Veteran’s symptoms of radiculopathy, indicating the Veteran suffered from mild radiculopathy in his right leg. While the examiner found that the Veteran had IVDS, he did not find that the IVDS required bed rest and treatment by a physician in the past 12 months. The examination noted that the Veteran’s lumbar spine condition impacted the Veteran’s ability to work, noting the Veteran has missed 2.5 to 3 weeks of work in the prior year due to flare-ups of back pain. The examiner confirmed the Veteran’s diagnoses of lumbosacral strain, degenerative arthritis of the lumbar spine, spondylolisthesis and IVDS. The examiner changed the previous service-connected diagnosis to remove a diagnosis of foraminal stenosis disc protrusions. The examiner rationalized the diagnosis was redundant since the Veteran was service-connected for IVDS.

The Board finds that this examination failed to establish sustained improvement to warrant a reduction in evaluation. Initially, the Board notes the Veteran’s reports to the VA examiner regarding continued physical therapy and acupuncture due to severe pain. VA treatment records reflect that the Veteran received multiple epidural steroid injections twice a year. VA medical records show the Veteran reported that the epidural injections reduced his lower back pain 20 percent for a period of 6 to 7 months. The Veteran received epidural steroid injections in August 2019, shortly before the September 2019 VA examination. Moreover, VA treatment records showed the Veteran received epidural steroid injections in December 2018, one month after the physical examination in November 2018, used by the AOJ to rate the Veteran’s lumbar spinal disability as 20 percent. While the record contains evidence that the injection and pain management routine helped the Veteran’s pain, the Veteran’s spouse’s lay evidence noted that these were temporary measures and that the Veteran’s severe pain returned. 

Additionally, while the VA examiner found no rational basis to provide a notation regarding additional losses of function or motion following repeated use over time and on flare-ups, he observed that the Veteran’s statements regarding the severity of his flare-ups of back pain that limit bending and lifting are to the severity that the Veteran missed 2.5 to 3 weeks of work in the year. Thus, the Board finds that these continued limitations mirror those found in the November 2018 VA examination which formed the basis of the 20 percent rating. As such, an actual improvement of the Veteran’s disability was not established. 

The Board acknowledges the VA examiner’s removal of the Veteran’s service-connected diagnosis of foraminal stenosis disc protrusion, specifically describing it as a correction of an erroneous diagnosis. However, this removal of the Veteran’s diagnosis does not show a betterment of the Veteran’s condition, as the examiner noted the diagnosis was redundant and covered under the Veteran’s diagnosis for IVDS. 

Thus, the Board finds this examination does not adequately demonstrate both an actual improvement in the Veteran’s disability, as well as actual improvement in the Veteran’s ability to function under the ordinary conditions of life and work. See Brown v. Brown, 5 Vet. App. 413, 421 (1993). As such, the reduction of the rating assigned for the Veteran’s lumbar spine disability from 20 percent to 10 percent, effective September 12, 2019, was improper. Entitlement to the restoration of the previously assigned 20 percent disability rating is warranted.

Entitlement to a disability rating in excess of 20 percent for lumbar spine disability

VA has adopted the Schedule for Rating Disabilities to evaluate service-connected disabilities. 38 U.S.C. § 1155; 38 C.F.R. § 3.321; see generally, 38 C.F.R. § Part IV. The Board determines the extent to which a veteran’s service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, and the assigned rating is based, as far as practicable, upon the average impairment of earning capacity in civil occupations. 38 C.F.R. § 4.10. 

The degrees of disabilities are based on the average impairment of earning capacity and individual disabilities are assigned diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various percentage ratings for each disability and the criteria for specific ratings. However, the evaluation of the same disability under various diagnoses, known as pyramiding, is to be avoided. 38 C.F.R. § 4.14. Where there is a question of which of two ratings should be applied, the higher rating will be assigned if the disability assessment more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Additionally, when an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). In a claim for a greater original rating after an initial award of service connection, all evidence submitted in support of the veteran’s claim is to be considered. See Fenderson v. West, 12 Vet. App. 119 (1999); 38 C.F.R. § 4.2. However, consideration must be given as to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. See Fenderson v. West, 12 Vet. App. 119 (1999); see also Hart v. Mansfield, 21 Vet. App. 505 (2007).

When evaluating joint disabilities rated on the basis of limitation of motion, VA must consider granting a higher rating in cases in which functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated, and those factors are not contemplated in the relevant rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59 (2019); DeLuca v. Brown, 8 Vet. App. 202 (1995). The Court clarified that although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011). Instead, the Mitchell Court explained that pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance (38 C.F.R. § 4.40), as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing. 38 C.F.R. § 4.45.

Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors cited above. In evaluating the severity of a joint disability, VA must determine the overall functional impairment due to these factors. The provisions of 38 C.F.R. § 4.59, which relate to painful motion, are not limited to arthritis and must be considered when raised by the claimant or when reasonably raised by the record. Burton v. Shinseki, 25 Vet. App. 1 (2011).

The Veteran’s service-connected lower back disability is presently rated as 20 percent disabling under DC 5242-5243 lumbosacral strain and IVDS. 38 C.F.R. § 4.71a. 

Disabilities of the spine are rated under either the General Formula for Diseases and Injuries of the Spine (General Formula) or the Formula for Rating IVDS Based on Incapacitating Episodes, whichever method results in the higher rating. 38 C.F.R. § 4.71a.

Under the General Formula, a 10 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, combined ROM of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. A 20 percent disability rating is assigned for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; the combined ROM of the thoracolumbar spine not greater than 120 degrees; or muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 40 percent disability rating is assigned for forward flexion of the thoracolumbar spine to 30 degrees or less or favorable ankylosis of the entire thoracolumbar spine. A 50 percent disability rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent rating is warranted for unfavorable ankylosis of the entire spine. 38 C.F.R. § 4.71a, DC 5237.

Additionally, under the Formula for IVDS Based on Incapacitating Episodes, a 10 percent rating is awarded for incapacitating episodes having a total duration of at least one week but less than two weeks during the past 12 months. A 20 percent rating is awarded for incapacitating episodes having a total duration of at least two weeks but less than four weeks during the past 12 months. A 40 percent rating is awarded for incapacitating episodes having a total duration of at least four weeks but less than six weeks during the past 12 months. A 60 percent is assigned for incapacitating episodes having a total duration of at least six weeks during the past 12 months. See 38 C.F.R. § 4.71a, DC 5243.

Note (1): For purposes of evaluations under DC 5243, an incapacitating episode is a period of acute signs and symptoms due to IVDS that requires bed rest prescribed by a physician and treatment by a physician. Id.

As indicated above, the medical and lay evidence of record shows the Veteran suffers from daily painful flare-ups associated with his service-connected lumbar spine disability. The Veteran contends that his lower back disability warrants a higher rating.

The Veteran underwent a VA thoracolumbar spine examination in November 2018. The examiner diagnosed the Veteran with chronic lumbar strain, IVDS, retrolisthesis, forminal stenosis with disk bulge and protrusion of the lumbar spine. The Veteran complained of constant aching lower back pain, locking, clicking, extreme stiffness, imbalance gait and numbness and tingling in the right thigh. The Veteran reported receiving epidural steroid injections every 6 months. The Veteran reported functional loss, described as difficulty pulling, pushing, and sitting and standing for a long period of time.

The Veteran’s initial ROM was noted with forward flexion to 60 degrees; extension to 20 degrees; right and left lateral flexion to 15 degrees; and right and left lateral rotation to 20 degrees. The examiner reported the Veteran’s abnormal ROM did not contribute to functional loss. The examiner reported no pain on examination. The examiner found no evidence of localized tenderness or pain on palpation of the joints, or evidence of pain with weight bearing.

The Veteran was able to perform repetitive use testing with at least three repetitions without any additional functional loss. The Veteran was not examined immediately following repeated use over time or during a flare-up. The VA examiner failed to provide assessments for the Veteran’s disability after repeated use over time and during flare-ups. The examiner stated it was not possible to determine, without resorting to mere speculation, the loss of ROM after repeated use over time and during flare-ups, because there was no conceptual or empirical basis for making such a determination without directly observing function under these conditions.

The examiner noted no guarding of the Veteran’s lumbar spine, but the Veteran exhibited muscle spasms not resulting in abnormal gait or abnormal spinal contour. The examiner noted no additional factors contributing to disability. The examination noted normal muscle strength testing and reflexes for the Veteran’s lower extremities. The examiner noted decreased sensation to light touch in the Veteran’s right thigh. The examination recorded positive results for both left and right straight leg raise tests. The VA examiner identified mild radiculopathy involving the sciatic and femoral nerves in the Veteran’s right leg, noting mild paresthesias and/or dysesthesias and numbness in the right lower extremity.

The examination did not report findings of muscle atrophy or ankylosis of the spine. The VA examiner noted the Veteran’s diagnosis of IVDS and recorded the Veteran did not have any episodes due to IVDS that required bedrest prescribed by a physician in the previous 12 months. The VA examiner noted that the Veteran required regular use of a brace for back stiffness. The examiner remarked that the Veteran’s lower back disability affected the Veteran’s ability to work, noting the Veteran missed 2 to 4 weeks of work in the previous year.

Additionally, as discussed above, the Veteran underwent a VA examination in September 2019.

After review of the evidence of record, the Board finds a rating in excess of 20 percent for the Veteran’s lumbar spine disability is not warranted. The Veteran’s lumbar spine disability has not at any time during the pendency of the appeal had forward flexion of 30 degrees or less. See 38 C.F.R. § 4.71a, DC 5237. While the medical and lay evidence of record demonstrates that the Veteran has limited ROM of the spine, his thoracolumbar spine is not fixed in one position. The evidence demonstrates that throughout the appeal period, the Veteran has been able to move his spine in all directions. Additionally, the evidence of record is absent of a diagnosis of favorable or unfavorable ankylosis of the entire thoracolumbar spine. As such, the Veteran’s thoracolumbar spine is not ankylosed, either favorably or unfavorably. See Dinsay v. Brown, 9 Vet. App. 79, 81 (1996). Therefore, ratings of 100, 50, or 40 percent due to ankylosis are not available under the General Formula at any time during the appeal period.

As provided above, VA must consider granting a higher rating in cases in which functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated and those factors are not contemplated in the relevant criteria when evaluating limitation of motion for joint disabilities. See DeLuca v. Brown, 8 Vet. App. 202 (1995). The September 2019 VA examination showed the Veteran experienced pain during flare-ups which limited his bending and lifting and forced the Veteran to miss 2.5 to 3 weeks of work in the previous year. Additionally, the Veteran’s lay statement from September 2019 noted that his lumbar spine injury affected his abilities to perform regular duties associated with his job. Here, the Board has considered the evidence of functional impairment found in the record in restoring the Veteran’s 20 percent initial disability rating. Thus, consideration under DeLuca has been provided and additional consideration for a rating in excess of 20 percent is not warranted. DeLuca v. Brown, 8 Vet. App. 202 (1995).

The Board has considered whether higher ratings may be available under the Formula for Rating IVDS Based on Incapacitating Episodes. See 38 C.F.R. § 4.71a, DC 5243. While the evidence of record shows the Veteran was diagnosed with IVDS, no medical evidence of record shows the Veteran has required bedrest prescribed by a physician at any time during the appeal period. 

The Board has also considered whether separate ratings are warranted for the neurological manifestations of the Veteran’s lumbar spine disability. The Board notes that the Veteran is already in receipt of separate ratings for right lower extremity radiculopathy associated with his lumbosacral strain with IVDS, which will be discussed below. However, there is no medical or lay evidence of neurological impairment of the left lower extremity, and a separate rating for left lower extremity radiculopathy is therefore not warranted. 

In sum, the evidence of record is against a rating in excess of 20 percent for the Veteran’s service-connected lumbar spine disability, and the claim is denied. In reaching this conclusion, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against a rating in excess of that currently assigned, the doctrine does not apply. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).

Entitlement to a disability rating in excess of 10 percent for right lower extremity radiculopathy of the sciatic nerve

The Veteran contends his radiculopathy of the sciatic nerve is such that a higher disability rating is warranted.

The Veteran is currently rated as 10 percent disabling for his radiculopathy of the right lower extremity under DC 8520 for the Sciatic Nerve. Under DC 8520, a 10 percent evaluation is warranted for mild incomplete paralysis of the sciatic nerve. A 20 percent rating requires evidence of moderate incomplete paralysis of the sciatic nerve. A 40 percent rating requires evidence of moderately severe incomplete paralysis of the sciatic nerve. A 60 percent rating requires evidence of severe incomplete paralysis with marked muscular atrophy. An 80 percent rating requires evidence of complete paralysis. When there is complete paralysis, the foot dangles and drops, no active movement of the muscles below the knee is possible, and flexion of the knee is weakened or (very rarely) lost. 38 C.F.R. § 4.124a, DC 8520.

The Board notes that the terms “mild,” “moderate” and “severe” are not defined. Rather than applying a mechanical formula, the Board must evaluate all the evidence to the end that its decisions are equitable and just. 38 C.F.R. § 4.6. Use of terminology such as “mild” or “severe” by VA examiners and others, although evidence to be considered by the Board, is not dispositive of an issue. All evidence must be evaluated in arriving at a decision regarding an increased rating. 38 C.F.R. §§ 4.2, 4.6.

After review of the evidence of record, the Board finds a rating in excess of 10 percent is not warranted. The Board finds that the Veteran's radiculopathy of the right lower extremity is appropriately represented as "mild" under DC 8520. The November 2018 examination reported the Veteran’s radicular symptoms as an imbalanced gait with numbness and tingling in his right thigh. The examiner indicated the Veteran suffered from mild paresthesias and numbness in the right lower extremity. In his September 2019 examination, the Veteran reported intermittent pain, paresthesias, and numbness. Although the Veteran reported missing 2 to 4 weeks of work in a year due to his right lower extremity radicular pain, his pain has been marked as mild, and the pain specifically in his right lower extremity has never been found to be constant. The Board also acknowledges the Veteran’s lay evidence that stated he suffered nerve damage from his in-service injury, resulting in constant lower back pain. However, the evidence of record has not shown the Veteran's neuropathy symptoms rose to the level of moderate or severe incomplete paralysis. See 38 C.F.R. § 4.124a, DC 8520. Additionally, all accounts of the Veteran’s radiculopathy have been sensory. Thus, there is no evidence of record that suggests the Veterans radiculopathy was severe with marked muscular atrophy or the equivalent of complete paralysis of the right lower extremity at any time during the period on appeal. 38 C.F.R. § 4.124a, DC 8520.

Accordingly, a rating in excess of 10 percent for the Veteran’s radiculopathy of the right lower extremity is not warranted, and the benefit of the doubt doctrine does not apply. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F.3d 1361 (Fed Cir. 2001). 

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.V. Bona, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.